IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYNNE MANDIOLA, *et al.*, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-12-2617 | |
| § | | |
| ASHTON HOUSTON RESIDENTIAL, § | | |
| LLC, *et al.*, § | | |
|     Defendants. § | | |

## MEMORANDUM AND ORDER

This post-foreclosure case is before the Court on the Motion to Dismiss [Doc. # 4] filed by remaining Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Merscorp Holdings, Inc. ("Merscorp"), Wells Fargo Bank, N.A. ("Wells Fargo"), U.S. Bank National Association ("US Bank"), and JPMorgan Chase Bank, N.A. ("Chase").[1]  Plaintiffs Lynne Mandiola and Ladislao Carl Mandiola filed a Response [Doc. # 28], and Defendants filed a Reply [Doc. # 32].  Having considered the full record and the governing legal authorities, the Court **grants** the Motion to Dismiss.

---

[1]  Plaintiffs claims against Defendants Ashton Houston Residential, LLC ("Ashton"), Dominion Title, LLC ("Dominion"), Christopher D. Davies, Anderson Creel, Encore Bank ("Encore"), Sienna Plantation Municipal Utility District No. # 3 ("Sienna Plantation MUD"), and Codilis & Stawiarski ("C&S") were dismissed by Memorandum and Order [Doc. # 59] entered February 20, 2013.

## I.     BACKGROUND

In April 2006, Plaintiffs purchased a home in a residential community developed by Ashton. In connection with their purchase of the home, Plaintiffs executed a Note payable to Wachovia Mortgage Corporation (now Wells Fargo), and executed a Deed of Trust naming MERS as the beneficiary of Wachovia.

In February 2012, MERS assigned its Deed of Trust to US Bank, who remains the holder of the Deed of Trust. Chase has possession of the Note as servicer for the loan for US Bank as Trustee. In April 2012, a Substitute Trustee was appointed for purposes of foreclosure. Chase retained C&S as foreclosure counsel. The property was sold at foreclosure on August 1, 2012, to an unrelated third party.

On August 8, 2012, after the foreclosure sale, Plaintiffs filed this lawsuit in Texas state court. Plaintiffs asserted against the remaining Defendants a claim to quiet title and alleged violations of the Texas Business & Commerce Code and the Texas Deceptive Trade Practices Act ("DTPA").[2] Plaintiffs also requested declaratory relief, specifically declarations that Defendants have no right to foreclose on the property, that US Bank cannot collect on the Note because "Defendants" failed to comply with the Pooling & Servicing Agreement, that MERS has violated the "land laws of the state of Texas," that C&S should "cease and desist from pursuing foreclosure," and

---

[2]     Plaintiffs have conceded that they do not have a viable DTPA claim.

that no taxing entity can continue to collect taxes and special assessments from Plaintiffs. The Motion to Dismiss filed by Defendants MERS, Merscorp, Wells Fargo, US Bank, and Chase has been fully briefed and is now ripe for decision.

## II.   STANDARD FOR MOTION TO DISMISS

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Importantly, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

### III.   ANALYSIS

#### A.   Claim to Quiet Title

To recover on their claim to quiet title, Plaintiffs must prove that their title to the property is superior to that asserted by Defendants. *Rogers v. Ricane Enters.*, 884 S.W.2d 763, 768 (Tex. 1994). The suit "relies on the invalidity of the defendant's claim to the property" and "exists to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Gordon v. West Houston Trees, Ltd.*, 2011 WL 1598790, *7 (Tex. App. – Houston [1st Dist.] 2011) (internal quotation marks and citations omitted).

The Court notes initially that MERS, Merscorp, Wells Fargo, and Chase do not claim an interest in the property and, therefore, the claim to quiet title as against these four Defendants is dismissed.

As discussed more fully in the next section, US Bank as the holder of the Deed of Trust had valid authority to conduct the foreclosure sale of Plaintiffs' property, notwithstanding any bifurcation of the Note from the Deed of Trust, or any alleged irregularities in the assignment from MERS to US Bank or in the PSA. The property has been sold and Plaintiffs no longer have a valid claim to ownership of the property. Their "quiet title" claim against US Bank is dismissed.

#### B.   Claim for Declaratory Relief

Plaintiffs seek declaratory relief that Defendants have no right to foreclose on their property or collect on the Note for three reasons. Plaintiffs argue that the "Note has been split from the deed of trust." Plaintiffs argue that Defendants cannot collect on the Note because they failed to comply with the terms and conditions of the Pooling & Servicing Agreement ("PSA"). Plaintiffs also challenge the assignment from MERS to US Bank.

The law is clear that bifurcation of the promissory note from the deed of trust does not affect the right of foreclosure. *See, e.g., DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 622-23 (N.D. Tex. 2011); *Helms v. Mortg. Elec. Registration Sys., Inc.,* 2012 WL 43368, *2 (S.D. Tex. Jan. 9, 2012) (citing *Stephens v. LPP Mortg., Ltd.,* 316 S.W.3d 742, 746-47 (Tex. App. – Austin 2010, pet. denied); *Athey v. Mortg. Elec. Registration Sys., Inc.,* 314 S.W.3d 161, 165–66 (Tex. App. – Eastland 2010, pet denied)). Indeed, Plaintiffs do not contest that this is the law in the State of Texas. *See* Response, p. 8. As a result, Plaintiffs' argument that there is no right to foreclosure because the Note has been "split" from the Deed of Trust is without merit and does not provide a basis for declaratory relief.

Plaintiffs' argument regarding alleged violations of the PSA have similarly been rejected by the courts, which hold that borrowers do not have standing to assert claims based on alleged violations of the PSA. *See, e.g., Davis v. Bank of Am., N.A.*, 2012

WL 2679452, *3 (N.D. Tex. July 6, 2012); *Metcalf v. Deutsche Bank Nat'l Trust Co.*, 2012 WL 2399369, *4 (N.D. Tex. June 26, 2012).  Plaintiffs concede this point.  *See* Response, p. 8.  As a result, Plaintiffs are not entitled to declaratory relief based on any alleged violations of the PSA.

Plaintiffs also lack standing to challenge the assignment from MERS to US Bank.  This is true because, as borrowers, they are not parties to the assignment.  *See, e.g., DeFranceschi*, 837 F. Supp. 2d at 623; *Davis*, 2012 WL 2679452 at *2.  Because they lack standing to challenge the assignment, Plaintiffs are not entitled to declaratory relief based on any defects in that assignment.

Plaintiffs' claims for declaratory relief are based on legal theories that have been rejected by several Texas courts.  As a result, the foreclosure was valid and Defendants are entitled to dismissal of Plaintiffs' request for declaratory relief.

### C.    Texas Business and Commerce Code Claim

The claim under the Texas Business and Commerce Code is asserted against Defendants Chase and US Bank.  Plaintiffs assert that only a "holder" of an instrument is entitled to enforce the instrument.  This claim fails, however, because the Texas Property Code states specifically that "a mortgage servicer may administer the foreclosure of property."  TEX. PROP. CODE § 51.0025.  Under Texas law, a mortgage servicer need not be the holder of the original note.  *See id.* ¶ 51.0001(3), (4)

(including "holder of a security instrument" in the definition of mortgagee and stating that a "mortgagee may be the mortgage servicer"). Consequently, the Texas Property Code contemplates that someone other than the holder of the original note may lawfully foreclose on the security interest. *See Athey v. Mortg. Elec. Registration Sys., Inc.*, 314 S.W.3d 161, 166 (Tex. App.– Eastland 2010, *pet. denied*); *see also Wells v. BAC Home Loans Servicing, LP*, 2011 WL 2163987, *3 (W.D. Tex. Apr. 26, 2011); *Broyles v. Chase Home Fin.*, 2011 WL 1428904, *3 (N.D. Tex. Apr. 13, 2011); *Sawyer v. Mortg. Elec. Registration Sys., Inc.*, 2010 WL 996768, *3 (N.D. Tex. Feb. 1, 2010). Defendants Chase and US Bank are entitled to dismissal of this claim.

## IV. CONCLUSION AND ORDER

Based on the foregoing, Plaintiffs have failed to state a claim upon which relief can be granted against the remaining Defendants. Consequently, it is hereby

**ORDERED** that Defendants MERS, Merscorp, Wells Fargo, US Bank, and Chase's Motion to Dismiss [Doc. # 4] is **GRANTED**. The Court will issue a separate final order.

SIGNED at Houston, Texas, this 5<u>th</u> day of **March, 2013**.

_____
Nancy F. Atlas
United States District Judge